NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2007[*]
Decided September 27, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 06-3023

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05 CR 134-1 |
| LEPIZE Q. MONTGOMERY, *Defendant-Appellant.* | James B. Moran, *Judge.* |

**O R D E R**

Lepize Montgomery obtained a driver's licence with his photograph but another man's name and used it on January 17, 2003, to cash a check for $593.63 made payable to the name on the license. This was just one of many checks Montgomery cashed under false pretenses over several years, but the government abandoned its prosecution of broader charges after Montgomery pleaded guilty to one count of violating 18 U.S.C. § 1028(a)(7) in connection with the check for

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

$593.63. The district court sentenced him to 51 months' imprisonment and ordered him to pay $593.63 in restitution under the Mandatory Victims Restitution Act. *See* 18 U.S.C. §§ 3663A(a)(1), (c)(1)(B). The court also ordered him to pay $5,000 in "discretionary" restitution for losses arising from other checks.

Montgomery does not dispute that he must repay $593 as restitution for his conviction under § 1028(a)(7), which makes it a crime to use another person's name with the intent to commit a felony. But he argues that the district court had no authority to order restitution beyond that amount. Montgomery contends, and the government agrees, that on the facts of this case the court lacked authority to impose the $5,000 award under the Mandatory Victims Restitution Act, *see United States v. Randle*, 324 F.3d 550, 556 (7th Cir. 2003); or the Victim and Witness Protection Act, *see* 18 U.S.C. § 3663(a); *United States v. Menza*, 137 F.3d 533, 537 (7th Cir. 1998); or as a condition of supervised release, *see United States v. Frith*, 461 F.3d 914, 919 (7th Cir. 2006). Montgomery did not raise this objection in the district court, so our review is for plain error. *See United States v. Alburay*, 415 F.3d 782, 789 (7th Cir. 2005). But a district court commits plain error when it imposes restitution without statutory authority, as the government concedes. *See Randle*, 324 F.3d at 558.

Accordingly, we VACATE the award of $5,000 in discretionary restitution and REMAND for the district court to enter a corrected judgment.